UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICKEY LEE ESCAMEA,

        Plaintiff,

v.                                                                                                                                                        Case No. 05-C-949

GILBERT TOSLEK and IRONWORKERS
LOCAL 8,

        Defendants.

## DECISION AND ORDER

        Plaintiff filed a pro se complaint against the defendants for employment discrimination, presumably under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* although the complaint does not say. The plaintiff, a Native American, claims he was discriminated against and retaliated against when he filed various complaints; he was also called "chief" and asked if he performed rain dances by members or employees of the Ironworkers Local 8. He also states that he was involved in a fist fight with defendant Gilbert Toslek and that he was improperly discharged from an apprenticeship program run by the Milwaukee Area Ironworking Joint Apprenticeship Committee, a group in which Toslek was involved.

        The defendants move to dismiss on several grounds. First, they assert that the complaint was untimely filed. The EEOC sent plaintiff a "Dismissal and Notice of Rights" letter dated May 31, 2005, which indicated the plaintiff had 90 days upon receipt in which to file a civil complaint. He did so on September 1, 2005. We do not know, however, when the plaintiff *received* the EEOC

letter, however, which is the dispositive date. Presumably it would have been a few days after May 31 (the date of the letter) which would make his September 1 filing timely. Accordingly, untimeliness is not a basis for dismissal.

The defendants also maintain that Title VII applies only to employers, and that Gilbert Toslek was not Escamea's employer. That much is true. Title VII states that "[i]t shall be an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a). Courts have taken this to mean that only employing entities, rather than individuals, may be liable under Title VII. *See Gastineau v. Fleet Mortg. Corp.,* 137 F.3d 490, 494 (7th Cir. 1998) (district court correctly dismissed individual defendants as not covered by Title VII). Accordingly, any claims against Toslek as an individual are dismissed on that basis.

The defendants also appear to be correct that any claims stemming from the termination of the plaintiff's apprenticeship program are not properly within the scope of this case. The complaint is quite vague, and the plaintiff has not responded to the motion to dismiss, but it appears the program was run by a Milwaukee apprenticeship committee that was not a branch or entity of the defendant Ironworkers. (This is made clearer by reference to the state ALJ's decision, *see* Ex. 2.) Even if defendant Toslek was an agent of that committee, his involvement cannot somehow make the Ironworkers Local 8 responsible for the committee's actions. Accordingly, any claims related to the apprenticeship are also dismissed.

To the extent the present complaint brings claims that were not the subject of the plaintiff's EEOC filing, they are not actionable under Title VII. *Gawley v. Indiana University,* 276 F.3d 301,

2

313 (7th Cir. 2001). Although such claims could potentially be construed as claims arising under 42 U.S.C. § 1981, even so they are precluded because they were the subject of a fully-litigated state administrative action. *Reed v. AMAX Coal Co.,* 971 F.2d 1295, 1300 (7th Cir. 1992).

In sum, the bulk of the complaint seems based on the termination of the plaintiff's apprenticeship, but that action cannot be attributed to either of the defendants. To the extent the complaint sets forth other violations, those claims are either precluded because they were already addressed in state proceedings, or they are not properly before this court under a Title VII theory. Accordingly, the complaint is dismissed.

**SO ORDERED** this   6th   day of April, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

3